IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:04cv674-MHT |
| | ) | [WO] |
| GREG PRAMO GRANT | ) | |

**ORDER ON MOTION**

On November 2, 2004, the movant, Greg Pramo Grant, filed a pleading (Doc. # 11) styled as "*Reply to the Government's Response to Movant's 28 U.S.C. § 2255 Motion; Supplemental Argument to Movant's Motion to Vacate, Set Aside, or Correct Sentence*." The court construes Grant's pleading to contain a motion for leave to amend his 28 U.S.C. § 2255 motion to assert claims of ineffective assistance of counsel not contained in his original § 2255 motion. Upon consideration of the motion for leave to amend, and for good cause, it is

**ORDERED** that this motion be and is hereby GRANTED. It is further

**ORDERED** that within thirty (30) days from the date of this order, the United States shall file a supplemental response addressing the additional claims of ineffective assistance of counsel raised in Grant's amendment to his § 2255 motion.

Because the amendment to the § 2255 motion contains claims of ineffective assistance of counsel, the court concludes that Grant has waived the attorney-client privilege with respect to these claims. *See Mincey v. Head*, 206 F.3d 1106, 1119 n.13 (11th Cir. 2000) (counsel could have related what client "told them because, by claiming that their

performance in the trial court was ineffective, [defendant] had waived the attorney-client privilege."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *see also McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (defendant's claims of ineffective assistance of counsel "waived his attorney-client privilege as to those matters pertaining to the attorney's representation of [defendant] at trial."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975) (attorney-client privilege is waived when client challenges attorney's effectiveness).

In light of the foregoing, the CLERK is DIRECTED to provide copies of Grant's original § 2255 motion and his amendment to the § 2255 motion to attorney Andrew M. Skier. Accordingly, it is

ORDERED that within twenty (20) days from the date of this order, Mr. Skier shall file with this court an affidavit that addresses the claims of ineffective assistance of counsel presented against him in the amendment to the § 2255 motion. Mr. Skier shall also furnish the United States Attorney and Grant with copies of his affidavit.

Done this 30th day of March, 2006.

>**/s/ Delores R. Boyd**
>DELORES R. BOYD
>UNITED STATES MAGISTRATE JUDGE