IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv674-MHT |
| | ) | [WO] |
| GREG PRAMO GRANT | ) | |

**O R D E R**

On November 2, 2004, movant Greg Pramo Grant ("Grant") filed a pleading (Doc. # 11) which this court construed to contain a *motion for leave to amend* his 28 U.S.C. § 2255 motion challenging his conviction and sentence. In his motion for leave to amend, Grant raised new claims of ineffective assistance of counsel.

Pursuant to the orders of this court, the United States has filed a supplemental response (Doc. # 15) addressing the new claims of ineffective assistance of counsel raised in Grant's motion for leave amend; in its supplemental response, the government argues that Grant's new claims are barred by the one-year period of limitation applicable to § 2255 motions.[1] Specifically, the government contends that Grant's new claims do not "relate back" to the claims presented in his original § 2255 motion and are therefore time-barred, as they were not raised within one year of the date upon which Grant's conviction became final. *See April 28, 2006, Response of the United States* (Doc. # 15) at 2-4; *see also Pruitt*

---

[1] Section 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for motions filed pursuant to § 2255. The section became effective on April 24, 1996. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

*v. United States*, 274 F.3d 1315, 1318-19 (11th Cir. 2001); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). The government further maintains that Grant's new claims of ineffective assistance of counsel are without merit and rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

28 U.S.C. § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Grant was sentenced on July 25, 2003, and the district court entered judgment on July 29, 2003. He did not file a direct appeal of his conviction. Under the directives of 28 U.S.C. § 2255, then, his conviction became final on August 8, 2003, upon expiration of the time for him to file a direct appeal (i.e., 10 days after the district court entered judgment). Thus,

Grant had until August 9, 2004 (i.e., the first business day occurring one year after August 8, 2003), to file a timely § 2255 motion.

Grant's original § 2255 motion was timely filed with this court on July 13, 2004. However, any new claim asserted by Grant after August 9, 2004, is deemed untimely under § 2255's one-year period of limitation unless the new claim "relates back" to the claims presented in Grant's original § 2255 motion under Fed.R.Civ.P. 15(c). In pertinent part, Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport, supra,* 217 F.3d at 1344.

As noted above, Grant filed his motion for leave to amend on November 2, 2004. Upon review of the pleadings in this case, it appears that Grant's new claims of ineffective assistance of counsel contained in his motion for leave to amend do not "relate back" to the claims presented in his original § 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); *Pruitt*, 274 F.3d at 1318-19; *Davenport*, 217 F.3d at 1344. Additionally, it does not appear that any of § 2255's exceptions to application of the limitation period are applicable to Grant's new claims. Specifically, the new claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The court further notes that the

government has not prevented Grant from filing an earlier motion, nor has Grant submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon finality of Grant's conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Grant's filing the November 2, 2004, motion for leave to amend his § 2255 motion.  In light of the foregoing, it is

**ORDERED** that **on or before May 22, 2006, Grant shall show cause** why the new claims of ineffective assistance of counsel contained in his motion for leave to amend should not be dismissed as time-barred as they were not raised within the one-year limitation period established by the AEDPA.

Done this 1st day of May, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE