IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v | )   CIVIL ACTION NO. |
| | )   2:04cv674-MHT-DRB |
| GREG PRAMO GRANT | )   [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Thomas Jackson Grant ("Grant") *to vacate, set aside, or correct his sentence* pursuant to 28 U.S.C. § 2255.  After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I.  PROCEDURAL HISTORY**

In this court, on March 5, 2003, pursuant to plea agreement, Grant pleaded guilty to *conspiracy to possess with the intent to distribute 1,000 kilograms or more of marijuana* (*see* 21 U.S.C. §§ 841(a)(1) and 846) and *conspiracy to launder the money proceeds therefrom* (*see* 18 U.S.C. § 1956(h)).  On July 25, 2003, the district court sentenced Grant to 168 months' imprisonment on both counts, the sentences to run concurrently.  Judgment was entered on July 29, 2003.  Grant did not appeal.

On July 7, 2004, Grant filed a motion under 18 U.S.C. § 2255,[1] asserting the following claims:

1. His counsel at sentencing was ineffective for failing to file an appeal after being instructed to do so.

2. His sentence violates *Blakely v. Washington,* 542 U.S. 296 (2004).

(Doc. Nos. 1 & 2.)

On October 27, 2004, Grant filed an amendment to his § 2255 motion, asserting the following claims:

1. His counsel during the guilty plea proceedings was ineffective in his assessment of the government's case and, consequently, failed to properly advise him of potential defenses, courses of action, and his sentencing exposure.

2. His counsel during the guilty plea proceedings failed to properly advise him concerning the government's ability to provide evidentiary support for the drug quantity attributed to him.

(Doc. No. 11.)

The government maintains that Grant's claims are without merit and entitle him to no relief. In addition, the government argues that the claims presented in Grant's amended § 2255 motion are untimely and should not be considered. Grant responded in opposition to the government's submissions.

---

[1] Although Grant's § 2255 motion was date-stamped "received" in this court on July 13, 2004, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, July 7, 2004, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## II. DISCUSSION

A.   **Abandoned Claim**

In his original § 2255 motion and supporting memorandum, Grant presented a claim that the attorney who represented him during sentencing, Gilbert R. Geilim, rendered ineffective assistance by failing to file on appeal on his behalf after he was instructed to do so.  (Doc. No. 2 at pp. 2-4.)  However, subsequent submissions by Grant indicate that he has abandoned this claim of ineffective assistance.

Pursuant to this court's orders, Geilim filed an affidavit on August 20, 2004, addressing Grant's original contention that he instructed Geilim to file an appeal.  (Doc. No. 7, Gov's Ex. 2.).  Geilim averred that he had no recollection of Grant instructing him to file an appeal.  (*Id*. at pp. 8-10.)  He did recall Grant's post-sentencing inquiry about reducing his sentence and his advice, in response, that the most effective course of action would be to seek a sentence reduction under U.S.S.G. 5K.1 and Fed.R.Crim.P. 35 for providing "substantial assistance to authorities." (*Id*. at p. 7.)  According to Geilim,  Grant agreed with the suggested course and chose not to pursue a direct appeal.  (*Id*. at pp. 8-11.)

In a pleading filed on October 27, 2004, Grant agreed with the version of events recited by Geilim and acknowledged that he chose not to pursue an appeal and instead focused his efforts on a sentence reduction under U.S.S.G. 5K.1 and Fed.R.Crim.P. 35, with

Geilim acting as an intermediary between him and the government."[2]  (Doc. No. 11 at pp. 7-9.)  This court entered an order advising Grant that his acknowledgments in this regard could be construed reasonably as an abandonment of his claim of ineffective assistance of counsel for Geilim's alleged failure to comply with his instructions to file an appeal; accordingly, the court directed Grant to state clearly whether he had indeed abandoned any claim of ineffective assistance against Geilim.  (Doc. No. 24 at p. 1.)Grant responded that, after reading Geilim's affidavit, he "learned that it was not Mr. Geilim who had been ineffective as counsel," but that, instead, the attorney who had represented him prior to sentencing had rendered ineffective assistance during the guilty plea proceedings. (Doc. No. 25 at p. 3.)

Based on Grant's stated denial of any ineffectiveness by counsel Geilim and his acknowledgments that he chose not to pursue an appeal, focusing instead on obtaining a sentence reduction by providing substantial assistance to the government, this court finds that Grant clearly abandoned his claim that Geilim rendered ineffective assistance by failing to file on appeal.  Thus, there is no basis for granting Grant any relief on this claim.

---

[2] Grant also stated that "movant abandoned the appellate course of action in the hope of future cooperation as promised by the government, and consequently lost his appeal rights; movant did so in reliance on the government's representations that he would have the opportunity to earn downward departure points under U.S.S.G. § 5K1.1 and Rule 35 immediately in exchange for his cooperation and substantial assistance, something that did not happen." (Doc. No. 11 at p. 9.)  The issue of Grant's entitlement to a sentence reduction for substantial assistance to the government is separate from the question of whether Geilim failed to follow his instructions with regard to filing an appeal and is not an issue before this court in Grant's § 2255 motion.

**B.    *Blakely* Claim**

Grant contends that the district court engaged in judicial fact-finding in violation of *Blakely v. Washington,* 542 U.S. 296 (2004), with its upward adjustment of his offense level at sentencing based on his managerial role in the drug conspiracy and his conviction for money laundering. (Doc. No. 2 at pp. 4-6.) The Eleventh Circuit has held that neither the Supreme Court's decision in *Blakely* nor its subsequent decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), which applies *Blakely* to the Federal Sentencing Guidelines, is retroactively applicable to cases on collateral review.[3] *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005). Thus, Grant's *Blakely* claims entitles him to no relief in this collateral proceeding.

**C.    Claims Raised in Amendment to § 2255 Motion**

On October 27, 2004, Grant filed an amendment to his original § 2255 motion, asserting the following claims:

1. His counsel during the guilty plea proceedings[4] was ineffective in his assessment of the government's case and, consequently, failed to properly advise him of potential defenses, courses of action, and his sentencing exposure.

2. His counsel during the guilty plea proceedings failed to properly

---

[3] Grant's conviction became final on August 8, 2003, ten days after the district court's July 29, 2003, entry of judgment (i.e., upon expiration of the time for him to file a direct appeal). The Supreme Court decided *Blakely* on June 24, 2004.

[4] Attorney Andrew M. Skier represented Grant during the guilty plea proceedings.

>       advise him concerning the government's ability to provide
>       evidentiary support for the drug quantity attributed to him.

(Doc. No. 11.) The government argues that these claims fail to relate back sufficiently to the claims raised in Grant's original § 2255 motion and are, as a consequence, untimely under the one-year period of limitation provided for by 28 U.S.C. § 2255. (Doc. No. 15.)

Fed.R.Civ.P. 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed.R.Civ.P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Grant's conviction became final on August 8, 2003 – ten days after the district court's July 29, 2003, entry of judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a timely direct appeal, the conviction becomes final ten days after the district court's written judgment of conviction is entered). Accordingly, Grant had until August 9, 2004 (the first business day occurring one year after August 8, 2004) to file a § 2255 motion that was timely under § 2255's one-year period of limitation. He filed his § 2255 motion on July 7, 2004. Therefore, the claims in his original § 2255 motion were timely raised. He filed his amended motion, however, more than three months after § 2255's one-year deadline. Thus, his new claims are untimely under the one-year period of limitation and are barred unless they "relate back" under Fed.R.Civ.P. 15(c).

New claims asserted in an amended motion do not relate back to timely asserted claims where they arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the timely asserted claims. *See Davenport*, 217 F.3d at 1346. Grant's new claims, in which he asserts the ineffectiveness of his counsel during the guilty plea proceedings, arise from conduct and occurrences separate from the conduct and occurrences forming the basis of the claims contained in his original § 2255 motion and clearly bear no legal or factual relationship to those claims. "Congress did not intend rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States,* 274 F.3d 1315, 1317 (11th Cir. 2001). Thus, Grant's new claims do not "relate back" under Rule 15(c) and are barred because they are untimely under § 2255's one-year period of limitation. *See Farris v. United States*, 333 F.3d 1211, 1215-16 (11th Cir. 2003)*; Pruitt,* 274 F.3d at 1319.

Grant argues that his new claims are timely because he did not discover the factual predicate for the claims until August 16, 2004, when he received and read an affidavit from his sentencing counsel, Geilim, in which Geilim opined that Grant's counsel during the guilty plea proceedings was ineffective on the grounds that Grant subsequently asserted in his amended § 2255 motion. (Doc. No. 25 at pp. 3-5.) Grant in essence argues that Geilim's affidavit constitutes "newly discovered evidence" and that, with respect to his claims derived from his reading of that affidavit, § 2255's one-year period of limitation did not begin to run until August 16, 2004, when he read the affidavit.

7

Section 2255 provides, in pertinent part, that the one-year period of limitation shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255 ¶ 6 (4). Grant was aware, or should have been aware, of the facts underlying his guilty plea counsel's allegedly deficient performance at the time he entered his guilty plea. Grant's alleged failure to appreciate the legal significance of his guilty plea counsel's actions until reading Geilim's affidavit does not transform guilty plea counsel's actions into new evidence within the meaning of § 2255; nor do the legal interpretations and opinions concerning guilty plea counsel's performance expressed by Geilim in the affidavit constitute new evidence within the meaning of § 2255. *See United States v. Seago*, 930 F.2d 482, 490 (6th Cir. 1991) ("A claim belatedly pursued is not newly discovered evidence.") (citation omitted).

Because the facts supporting the claims presented in Grant's amendment could have been discovered through the exercise of due diligence at the time Grant entered his guilty plea, those claims are time-barred by § 2255's period of limitation.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Grant be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

**before September 19, 2006.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 5th day of September, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE